**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| **GREAT WEST CASUALTY COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Cause No. 1:13-cv-198-WTL-MJD** |
| | ) | |
| **LAKEVILLE MOTOR EXPRESS, INC.,** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ENTRY CONCERNING TAXATION OF COSTS**

    This cause is before the Court on Defendants' objections to Plaintiff's bill of costs.[1] Dkt. Nos. 188 and 194. The motions are fully briefed, and the Court, being duly advised, **GRANTS IN PART** the motions for the reasons, and to the extent, set forth below.

    On November 21, 2014, the Court entered summary judgment in favor of the Plaintiff, Great West Casualty Company ("Great West"). Dkt. No. 179. The Court entered final judgment in favor of Great West on January 6, 2015. Dkt. No. 184. Great West subsequently filed a bill of costs for $11,032.30. Pursuant to Federal Rule of Civil Procedure 54(d), the Court taxed costs in this amount to Great West. Defendants Pamela K. Robbins and Continental Western Insurance Company timely filed objections to the taxation of costs.[2] Their arguments are addressed below.[3]

---

[1] The Court construes the Defendants' "objections" as motions to amend the taxation of costs. *See* Fed. R. Civ. P. 54(d)(1) ("On motion served within the next 7 days [after the clerk taxes costs], the court may review the clerk's action.").

[2] The Court hereby **GRANTS** Continental's motion for joinder. Dkt. No. 194.

[3] Robbins and Continental are hereafter collectively referred to as the Defendants.

First, the Defendants argue that "Great West's Bill of Costs must be reduced by $2,771.43, the total costs that Great West's counsel incurred in attending depositions." Dkt. No. 188 at ¶ 4. The Court agrees. "[O]utlays for travel and related expenses by attorneys and paralegals . . . are not listed in 28 U.S.C. § 1920 and therefore may not be reimbursed as costs." *Calderon v. Witvoet*, 112 F.3d 275, 276 (7th Cir. 1997). As such, Great West's costs will be reduced by $2,771.43.

Next, the Defendants argue that "Great West's Bill of Costs must be reduced by $2,049.30, which represents the amount it incurred for 'Westlaw; Computer Research.'" *Id.* at ¶ 5. Again, the Court agrees. Computer research costs "are attorney's fees and may not be recovered as 'costs.'" *Haroco, Inc. v. Am. Nat. Bank & Trust Co. of Chicago*, 38 F.3d 1429, 1441 (7th Cir. 1994); *Endress & Hauser, Inc. v. Hawk Measurement Sys. Pty. Ltd.*, 922 F. Supp. 158, 163-64 (S.D. Ind. 1996). Therefore, Great West's costs will be reduced by $2,049.30.

The Defendants also argue that "Great West's Bill of Costs must be reduced by $292.45, which represents the amount it incurred for 'FedEx; Express Mail' and 'Postage.'" *Id.* at ¶ 6. Great West concedes this issue. Indeed, "costs for postage, mail services, and long distance telephone calls are not taxable under § 1920." *Miller v. Vohne Liche Kennels, Inc.*, No. 1:12-cv-54-TWP-TAB, 2014 WL 958279, *4 (S.D. Ind. 2014) *aff'd*, No. 14-1798, 2015 WL 1810559 (7th Cir. Apr. 22, 2015). Accordingly, Great West's costs will be reduced by $292.45.

Lastly, Great West's Bill of Costs includes $3,046.60 for "Copying." The Defendants argue that the bill of costs should be reduced by this amount, "[b]ecause Great West has not provided this Court with sufficient information to determine whether any of the copies in question were reasonably necessary in amount and to this case." *Id.* at ¶ 6. The Court does not agree. In response to the Defendants' argument, Great West submitted an affidavit identifying

the copy rate ($0.20/page), the date the copies were made, and the number of pages that were copied. Great West also clarified that "[t]he copies in this case were necessary primarily because of the length of the insurance policy at issue [which was 405 pages] and the voluminous nature of the production of documents in response to Ms. Robbins' discovery requests." Dkt. No. 198 at ¶ 4. As a general rule, photocopying costs are recoverable under § 1920. *Weihaupt v. Am. Med. Ass'n*, 874 F.2d 419, 430-31 (7th Cir. 1989). The Court, however, must determine whether they "were reasonably necessary for use in the case." *Endress & Hauser, Inc.*, 922 F. Supp. at 162. Here, Great West has produced "a detailed explanation of the number of pages and rate per page," *Miller*, 2014 WL 958279, *4, and has sufficiently explained the basis for the number of copies. As such, the Court will not reduce Great West's costs by $3,046.60.

In sum, the Defendants' motions (Dkt. Nos. 188 and 194) are **GRANTED IN PART**. Great West's Bill of Costs—located at Dkt. No. 185—is reduced by $5,113.18. **The Clerk shall tax costs to Great West in the amount of $5,919.12.**

SO ORDERED: 4/30/15

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification.